**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re:<br><br>TEHUM CARE SERVICES, INC.,<br><br>                     Debtor. | Chapter 11<br><br>Case No. 23-90086 (CML)<br><br>*Pending in the United States Bankruptcy Court for the Southern District of Texas* |
| THE CURATORS OF THE UNIVERSITY OF MISSOURI and CAPITAL REGION MEDICAL CENTER,<br><br>                     Plaintiffs,<br><br>v.<br><br>TEHUM CARE SERVICES, INC. d/b/a CORIZON HEALTH, INC., CHS TX, INC. and YESCARE CORP.,<br><br>                     Defendants. | Adversary Proceeding No.<br><br>*Removed from the Circuit Court of Boone County, Missouri, Division 4 Case No. 22BA-CV01701-01* |

## NOTICE OF REMOVAL

Defendant Tehum Care Services, Inc. d/b/a Corizon Health, Inc., a debtor and debtor in possession ("Debtor"), files this Notice of Removal (this "Notice") of Case No. 22BA-CV01701-01 (the "State Court Action") from the Circuit Court of Boone County, Missouri, District 4 (the "State Court") to the United States Bankruptcy Court for the Western District of Missouri.

1. Removal is appropriate pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The claims pursued by the plaintiffs in the State Court Action, when boiled down to their basics, are essentially breach of contract against, and alleged fraudulent transfers from, the above-captioned chapter 11 Debtor. Accordingly, these claims belong before Bankruptcy Judge Christopher Lopez to assess the merits

1

and the impact on the Debtor's bankruptcy estate to ensure an equitable distribution to creditors (which may include the plaintiffs and the non-debtor co-defendants herein). Accordingly, removal is proper. The Debtor intends to seek to transfer of venue of this matter by separate motion to be filed in short order.

## BACKGROUND

2. The Debtor commenced its chapter 11 case on February 13, 2023 (the "Petition Date"), which case is pending in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Texas Bankruptcy Court"), under Case No. 23-90086 (CML) (the "Bankruptcy Case").

3. Judge Christopher M. Lopez presides over the Bankruptcy Case.

4. As relevant to this Notice, the plaintiffs in the State Court Action seek, among other things, two primary forms of relief: (1) a money judgment against the Debtor; and (2) a money judgment against the non-debtor co-defendants (CHS TX, Inc. and YesCare Corp.) based on allegations that the Debtor fraudulently or preferentially transferred assets. These theories are core proceedings under the Bankruptcy Code. The claims against non-debtor defendants, to the extent they have any merit, are derivative of the plaintiffs' claims against the Debtor and constitute property of the Debtor's bankruptcy estate. Plaintiffs' efforts to appoint a receiver in this action constitutes an act to exercise control over the Debtor's potential estate causes of action, which are direct violations of the automatic stay. 11 U.S.C. § 362(a)(3) (enjoining all acts by creditors to "exercise control over property of the estate").

## BASIS FOR REMOVAL

5. This Notice is timely under Rule 9027(a)(2) of the Federal Rules of Bankruptcy Procedure because it is filed within 1 day of the Petition Date.

2

6. A matter is "related to" a bankruptcy "if the outcome of the claim could have any conceivable affect upon the bankruptcy estate." *Valley Food Services, LLC v. Schoenhofer (In re Valley Food Services, LLC)*, 377 B.R. 207, 212 (8th Cir. B.A.P. 2007) (citing *Nat'l Union Fire Ins. Co. v. Titan Energy, Inc. (In re Titan Energy, Inc.)*, 837 F.2d 325, 329-30 (8th Cir. 1988)); *see also Specialty Mills, Inc. v. Citizens State Bank*, 51 F.3d 770, 774 (8th Cir. 1995). "This broad test is met if the proceeding 'could alter the debtor's rights, liabilities, options, or freedom of action ... and which in any way impacts upon the handling and administration of the bankruptcy estate.'" *Cutliff v. Reuter*, 791 F.3d 875, 881–82 (8th Cir. 2015) (quoting *Specialty Mills*, 51 F.3d at 774).

7. Although plaintiffs assert a panoply of theories in the State Court Action, the claims are all premised on the theory that the Debtor's 2022 divisional merger constituted a fraudulent transfer. Such theories make the claims asserted in the State Court Action "core proceedings" that are "related to" the Bankruptcy Case.[1] Whether those transfers can be recovered for the benefit of the Debtor's creditors is for the Bankruptcy Court to decide, for the benefit of <u>all</u> creditors, not merely the plaintiffs, who have acted first. *See Shubert v. Jeter (In re Jeter)*, 171 B.R. 1015, 1023 (Bankr. W.D. Mo. 1994). The Plaintiffs and non-debtor defendants are all potential creditors in the Bankruptcy Case, as are several other persons not before this Court.

8. In bankruptcy, avoidance actions are intended to enhance the estate to allow for an equitable distribution of assets to creditors of the estate. *See Begier v. I.R.S.*, 496 U.S. 53, 58 (1990). "The Code, §§ 544, 546, 548, 550, and 551, provides a remedy for such transfers by allowing the bankruptcy trustee to recover the fraudulently transferred property and bring it back

---

[1] Plaintiffs' efforts to appoint a receiver places the State Court Action into a potential category of "arising under," because the Plaintiffs appear to have violated the automatic stay imposed under 11 U.S.C. § 362(a), given that the purported claims to be pursued by the Receiver are property of the Debtor's bankruptcy estate under 11 U.S.C. §541(a).

into the debtor's estate. This recovery is for the benefit of <u>all</u> creditors of the estate, not for the benefit of one creditor, even one who may have been defrauded by the transfers." *In re Jeter*, 171 B.R. at 1023. The Plaintiffs' requested equitable remedy (*i.e.*, appointment of a receiver) is antithetical to the Bankruptcy Court's equitable principles, and "undermine[s] the Code's policy of pro rata distribution and the trustee's powers of avoidance and recovery." *Id.* Removal is proper to allow for a transfer to the Bankruptcy Court, where these matters may be considered in the context of the Bankruptcy Code's equitable principles.

9.  Removal in this District is proper because the State Court Action is pending in this District. "A party may remove any claim or cause of action in a civil action… to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under 1334[.]" 28 U.S.C. § 1452(a). According to 28 U.S.C. § 1334(b), "the district courts shall have original but not exclusive jurisdiction of all civil proceedings… related to cases under title 11."

10.  Removal directly to this Court is appropriate pursuant to the Western District of Missouri's standing *Letter of Referral,* dated August 15, 1984, which provides for the automatic referral of "related to" matters to bankruptcy judges and requires that "[a]ll papers in cases or proceedings arising under or related to Title 11 shall be filed with the bankruptcy court for this district." *Id.*

11.  Removal directly to the Bankruptcy Court is a regular and accepted practice and required under the Federal Rules. Fed. R. Bankr. R. 9027; *see In re Ross*, 231 B.R. 74, 77 (Bankr. W.D. Mo. 1999) ("the Trustee properly removed the case from the Harrison County Circuit Court to the Bankruptcy Court").

12. The Debtor does not consent to entry of final orders and judgments by this Court, other than an order transferring venue to the Bankruptcy Court where its case is pending. *See* Fed. R. Bankr. P. 9027.

13. The live petition filed in the State Court Action is attached as **Exhibit 1**. Attached hereto as **Exhibit 2** is a copy of the docket sheet for the State Court Action (last visited February 13, 2023). Attached hereto as **Exhibit 3** are all process and other pleadings regarding the State Court Action. The Certificate of Service provides a listing of counsel involved in the State Court Action, along with their contact information.

## NOTICE

14. Pursuant to Bankruptcy Rule 9027, the Movant-Debtor will file a separate notice of removal with the Clerk of the Court for the Circuit Court of Boone County, Missouri, District 4, and will serve a copy on all parties to the removed action.

Respectfully submitted this 14th day of February, 2023.

Respectfully submitted,

*s/ Scott B. Haines*
Scott B. Haines MO #32525
**MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, L.LP.**
9401 Indian Creek Parkway
Building 40, Suite 1150
Overland Park, Kansas 66210
Tele: (913) 491-5500
Fax: (913) 491-3341
sbhaines@martinpringle.com

R. Thomas Warburton (MO Bar No. 65477)
BRADLEY ARANT BOULT CUMMINGS LLP
1819 5th Avenue N.
Birmingham, AL 35203
205.521.8987
twarburton@bradley.com
*Counsel for Tehum Care Services, Inc. d/b/a Corizon Health, Inc.*

5

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 14, 2023, a copy of the foregoing was filed electronically with the Clerk's office by using the CM/ECF system, and copies were provided to the following:

| | |
|---|---|
| Patrick J. Stueve<br>Ethan M. Lange<br>Jordan A. Kane<br>STUEVE SIEGEL HANSON LLP<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>stueve@stuevesiegel.com<br>lange@stuevesiegel.com<br>kane@stuevesiegel.com<br><br>*Attorneys for Plaintiffs* | Philip A. Cantwell<br>Robyn Parkinson<br>DOWD BENNETT LLP<br>7733 Forsyth Blvd., Suite 1900<br>St. Louis, MO 63105<br>(314) 889-7300 (telephone)<br>(314) 863-2111 (facsimile)<br>pcantwell@dowdbennett.com<br>rparkinson@dowdbennett.com<br><br>Samuel P. Hershey<br>WHITE & CASE LLP<br>1221 Avenue of the Americas<br>New York, NY 10020<br>(212) 819-8200 (telephone)<br>sam.hershey@whitecase.com<br><br>*Attorneys for CHS TX, Inc. and YesCare Corp.*<br><br>*s/ Scott B. Haines*<br>Scott B. Haines |